**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CHUCK E. WITMER, SR., | : : | |
| Plaintiff | : | Civil Action No. 1:08-cv-1329 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ARTHUR J. GALLAGHER & CO., | : | |
| GALLAHGER BASSETT SERVICES, | : | |
| DEAN SNYDER, and MARTIN ESSIG | : | |
| and JEFFREY S. SHULTZ, | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is a motion to dismiss Plaintiff Chuck E. Witmer's complaint brought by Defendants Arthur G. Gallagher & Co., Gallagher Bassett Services, Dean Snyder, and Martin Essig. (Doc. No. 5.) The motion was referred to Magistrate Judge Blewitt, who issued a report and recommendation on March 2, 2009. (Doc. No. 12.) Defendant GBS filed an objection to the report and recommendation on March 10, 2009. (Doc. No. 13.) For the reasons that follow, the Court will adopt in part and reject in part the report and recommendation and sustain Defendants' objection.

## BACKGROUND

On September 13, 2004, Plaintiff Chuck Witmer, a 52-year-old "American white/part American Indian male," began working as a claims supervisor with Defendant Gallagher Bassett Services ("GBS"). (Doc. No. 1 ¶ 1; Doc. No. 8, at 2.) Plaintiff was assigned to supervise only one client, Everest National Insurance Company ("Everest"), which he did until May 1, 2006 when he "resigned his employment with [GBS] reasonably believing that he was constructively discharged." (Doc. No. 1 ¶ 1.) Prior to May 1, 2006, Plaintiff avers that he had a history of

positive reviews and regular salary increases. (Doc. No. 1 ¶ 16.) In fact, Defendant Martin Essig,

Plaintiff's direct supervisor, told Plaintiff he was denied transfer to another supervisory position

on the basis that Plaintiff was "too valuable" to Everest to be considered for another position.

(Doc. No. 1 ¶ 21.)

 Only weeks after the denial of transfer, on May 1, 2006, Defendant Essig told Plaintiff

that Everest was dissatisfied with Plaintiff's work and that Everest had requested that Plaintiff's

entire team be removed from its account. (Doc. No. 1 ¶¶ 20-25.) Plaintiff, however, was the only

member of the four-person team removed from the Everest account. (Doc. No. 1 ¶ 20.)

Defendant Essig informed Plaintiff that he had been temporarily reassigned to a new work desk

where he would be working on "special projects." (Doc. No. 1, at 5.) This new placement

constituted a demotion from a supervisory position to a senior claims position, a salary

reduction, a decrease in responsibilities, and a change in job duties to "degrading work" and "a

large open pending with numerous files that were not being attended to."[1] (Doc. No. 1 ¶ 23, 32.)

Plaintiff further alleges that the new work position required "bilingual phone contact, skills that

Plaintiff does not possess." (Id.) Plaintiff resigned the day of his demotion, on the belief that he

was being constructively discharged. (Doc. No. 1, at 1.)

 Plaintiff alleges he exhausted all available administrative remedies because he filed a

timely claim with the Equal Employment Opportunity Commission ("EEOC") on the basis of

age discrimination and retaliation, which was cross-filed with the Pennsylvania Human Relations

Commission ("PHRC"). On July 14, 2008, Plaintiff filed this claim alleging age, race, and

gender discrimination under Title VII, 42 U.S.C. § 2000(e) et seq., and state law claims of

---

[1]It is unclear from Plaintiff's complaint what a "large open pending" is; however, the
Court takes it to mean an increased or unfavorable workload.

breach of contract, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, abuse of process, defamation, and fraud. On August 5, 2008, Defendants jointly filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Doc. No. 5.) The case was then referred to Magistrate Judge Blewitt. Magistrate Judge Blewitt issued a report and recommendation that all claims, except Plaintiff's Title VII age discrimination claim, be dismissed. (Doc. No. 12.) Defendants filed an objection to that report on March 10, 2009, arguing that the Title VII age discrimination claim should also be dismissed because Title VII does not create a cause of action for discrimination on the basis of age. (Doc. No. 13.) Plaintiff has not filed a brief in opposition to Defendants' objection, and the deadline has now passed.[2] For the reasons that follow, the Court sustains Defendants' objection.

**STANDARD OF REVIEW**

When a party makes timely and specific objections to a report and recommendation of a magistrate judge, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3; Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. Goney, 749 F.2d at 7.

---

[2] Pursuant to local and federal rules, Plaintiff had eighteen days after service of Defendants' brief within which to file a brief in opposition. See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . ."); Fed. R. Civ. P. 6(d) (adding three days after the filing period would otherwise expire when service is made by electronic means).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level'" in order to survive a 12(b)(6) motion to dismiss. Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

**DISCUSSION**

Plaintiff alleges that he was discriminated against on the basis of his age, gender, and race in violation of Title VII. Plaintiff also alleges a litany of other state law claims including breach of contract, intentional infliction of emotional distress, negligence, intentional interference with contract, abuse of process, defamation, and fraud. Magistrate Judge Blewitt recommended that all state law claims except the breach of contract claim be dismissed on statute of limitations grounds. He then recommended that the breach of contract claim be

4

dismissed due to PHRA pre-emption. The Court agrees on both accounts.

Magistrate Judge Blewitt further recommended that the Title VII discrimination claims in the First and Second Causes of Action be dismissed except for Plaintiff's disparate treatment age discrimination claim in Cause of Action One, alleged only under Title VII and not under the ADEA. In fact, Defendants' brief in support of their motion to dismiss did not argue for dismissal of this claim on the grounds that Title VII cannot support an age discrimination claim. Yet, in an objection to the report and recommendation, Defendants argue for the first time that Plaintiff's age discrimination claims must be dismissed because there is no cause of action for age discrimination under Title VII .

Although Defendants did not raise this argument in their initial briefings, the Court will nonetheless sustain Defendants' objection.  Usually, interests of judicial economy weigh against allowing a party to raise a new issue in objection to a Magistrate Judge's report and recommendation that was not raised before the Magistrate Judge. See e.g. Paterson-Leitch Co., v. Massachusetts Mun. Wholesale Electric Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."). However in this case, it is clear that Defendants' objection to the report and recommendation is meritorious and would put an end to litigation of the pending claims without the costs of additional discovery and the filing of another motion–either for summary judgment or for judgment on the pleadings. Accordingly, the Court will address Defendants' objection on the merits.

**A. Title VII Age Discrimination Claim**

Magistrate Judge Blewitt recommended that all claims be dismissed except for Plaintiff's disparate treatment age discrimination claim brought under Title VII. Magistrate Judge Blewitt also found that Plaintiff did not allege an age discrimination claim under the ADEA or PHRA. (Doc. No. 12 at 8, n.7.) Defendants timely objected to the report and recommendation on the basis that Title VII does not support claims for age discrimination.

Title VII prohibits discrimination against an individual on the basis of that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2. Age is not a proscribed basis for discrimination under Title VII. Id. The Age Discrimination in Employment Act ("ADEA"), however, is the legislatively enacted provision that prohibits discrimination on the basis of an individual's age. It mirrors Title VII in its substantive provisions. See e.g., Ahlmeyer v. Nevada System of High Ed.,555 F.3d 1051, 1058 (9th Cir. 2009) ("Title VII of the Civil Rights Act of 1964 provides an avenue for plaintiffs to assert claims for employment discrimination based on 'race, color, religion, sex or national origin. . . In its substantive provisions, the ADEA mirrors Title VII. . . ."). Not only do the terms of the Title VII statute not prohibit discrimination on the basis of age, but the Court has found no support for the contention that age discrimination claims can be brought under Title VII. Rather, Congress' intent appears to be that age discrimination claims be brought pursuant to the ADEA. However, Plaintiff does not bring an action under the ADEA. As aptly stated by Magistrate Judge Blewitt, Plaintiff cannot have intended to bring the current claims under the ADEA because he expressly states in his complaint that he may at some point wish to "add additional claims" such as a claim under the ADEA. (Doc. No. 1 ¶ 118.)

Thus, because Title VII does not provide a remedy against age discrimination and Plaintiff did not allege an ADEA or PHRA claim in his complaint, Plaintiff's age discrimination claims must be dismissed. Defendants' objection to the report and recommendation will be sustained.

### 3. Leave to Amend

Plaintiff abstractly requests leave to amend his complaint to include a claim under the ADEA or PHRA in his initial complaint. (Doc. No.1 ¶ 118.) As stated in the report and recommendation, it appears from the face of Plaintiff's initial complaint that there may be sufficient allegations to support an ADEA claim. To state a claim under the ADEA, 29 U.S.C. § 621 *et seq.*, Plaintiff must allege that he: "(1) was a member of a protected class, i.e., that he was over forty, (2) is qualified for the position, (3) suffered an adverse employment decision, (4) was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination." Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001).

Therefore, the Court grants Plaintiff's request to amend his complaint to allege an age discrimination claim pursuant to the ADEA or PHRA, provided that such amendment would not be futile.

### CONCLUSION

Having made a *de novo* review of the report and recommendation, the Court finds that the report and recommendation will be adopted as to all parts with the exception of its recommendation that Plaintiff's Title VII age discrimination claim in the First Cause of Action should not be dismissed. Because an age discrimination claim cannot lie under Title VII and Plaintiff does not bring his claims under the ADEA, Plaintiff's age discrimination claims will be

dismissed. Defendants' objection to the report and recommendation will be sustained. However, Plaintiff is given leave to amend his complaint to allege an ADEA or PHRA claim within thirty (30) days, provided that such amendment would not be futile. If Plaintiff chooses to amend, he must properly serve Defendant GBS. Defendants Essig and Snyder are dismissed.

An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHUCK E. WITMER, SR., | : | |
| Plaintiff | : | Civil Action No. 08-cv-1329 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ARTHUR J. GALLAGHER & CO., | : | |
| GALLAGHER BASSETT SERVICES, | : | |
| DEAN SNYDER, and MARTIN ESSIG, | : | |
| Defendants | : | |

**ORDER**

**AND NOW,** on this 31st day of March 2009, upon consideration of Defendants' motion to dismiss (Doc. No. 8), Magistrate Judge Blewitt's report and report and recommendation (Doc. No. 12), and Defendants' objection to the report and recommendation (Doc. No. 13), **IT IS HEREBY ORDERED** that Defendants' objection is **sustained**. The report and recommendation is adopted in part and rejected in part, and the motion to dismiss is **granted** as follows:

1. The report and recommendation is adopted in respect to every finding other than the finding regarding Plaintiff's Title VII age discrimination claim made under the First Cause of Action.

2. Plaintiff's gender, race, and age discrimination claims alleged in the First and Second Causes of Action brought under Title VII are all dismissed;

3. Plaintiff's state law claims alleged in the Third through Ninth Causes of Action are dismissed;

4. Plaintiff is granted leave to amend his complaint to allege an age discrimination claim under the ADEA or PHRA within thirty (30) days.

5. Plaintiff is directed to effect service of his amended complaint within thirty (30) days on Defendant GBS, if he chooses to amend his complaint.

9

6. Defendants Essig and Snyder are dismissed from the case.

7. All further proceedings in this case are recommitted to Magistrate Judge Blewitt.

8. The Clerk of Court is directed to terminate Defendants Essig and Snyder.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania