IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHUCK E. WITMER, SR., | : CIVIL ACTION NO. **1:08-CV-1329** |
| Plaintiff | : |
| | : (Chief Judge Kane) |
| v. | : |
| | : (Magistrate Judge Blewitt) |
| ARTHUR J. GALLAGHER & CO., et al., | : |
| Defendants | : |

## **REPORT AND RECOMMENDATION**

### **I. Background.**

On July 14, 2008, the Plaintiff, Chuck E. Witmer, Sr., filed, *pro se*, this age, race and gender discrimination action, in part, pursuant to Title VII of the Civil Rights Action of 1964, 42 U.S.C. § 2000e, *et seq.* (Doc. 1 and Doc. 5). Plaintiff also asserted several Pennsylvania state law claims. Plaintiff paid the filing fee. Plaintiff's Complaint consisted of about 38 typed pages and one hundred nineteen paragraphs. The original Defendants were Arthur G. Gallagher & Co. ("AGC"), Gallagher Bassett Services, Inc. ("GBS"), Dean Snyder, and Martin Essig. The Summons was issued on July 14, 2008, and provided to Plaintiff for service on Defendants. On July 14, 2008, Plaintiff sent all Defendants a copy of his Complaint *via* certified mail-return receipt requested. (Doc. 3). There is no record that Plaintiff sent Defendants a Notice and Request to Waive Service of a Summons under Rule 4(d). (Doc. 3 and Doc. 5).

On August 5, 2008, in response to Plaintiff's Complaint, Defendants jointly filed a Motion to Dismiss the Complaint in its entirety under Rules 12(b)(5) and 12(b)(6). (Doc. 5). Defendants also argued that ¶1. of Plaintiff's Complaint, Statement of Claim, which was over 4 pages and

contained no numbered subparagraphs, should be stricken under Rule 12(f) for failure to comply with Rules 8(a)(2) and 10(b). (Doc. 5, pp. 7-8). On August 15, 2008, Plaintiff filed a "Motion in Response to Defendant's (sic) Motion to Dismiss" and his "Brief in Support of Plaintiffs (sic) Motion to Allow Lawsuit to Survive" with attached exhibits (Exs. A and B, Plaintiff's April 17, 2007 EEOC charge of age discrimination and retaliation against Defendant GBS). (Docs. 6 and 7).[1] Defendants filed their Brief in support of their Motion to Dismiss on August 15, 2008, with attached exhibits. (Doc. 8).[2]

On January 7, 2009, the District Court referred this matter to the undersigned for purposes of full pre-trial management pursuant to 28 U.S.C. § 636(b)(1). (Doc. 9).

On March 2, 2009, we issued a Report and Recommendation ("R&R") that Defendants' Motion to Dismiss be granted. (Doc. 12). On March 10, 2009, Defendants' filed an Objection to said Report and Recommendation. (Doc. 13). On March 31, 2009, the Court sustained Defendants' Objections and the R&R was rejected in part and adopted in part. (Doc. 14). Thus, Defendant's Motion to Dismiss was granted as follows: 1) With regards to the First Cause of Action, the R&R was adopted to every finding except the Plaintiff's Title VII age discrimination claim; 2) Plaintiff's claims of gender, race, and age discrimination alleged in his First and Second Causes of

---

[1] We construed Plaintiff's stated Doc. 6 as his Response to Defendants' Motion to Dismiss and his Doc. 7 filing to be his opposition Brief.

[2] Even though we were only considering Plaintiff's Complaint under the standard for a Motion to Dismiss, we were allowed to consider documents referenced in Plaintiff's pleading upon which his claims were based, such as Plaintiff's EEOC filings. See *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

-2-

Action were dismissed; 3) Plaintiff's state law claims alleged in the Third through Ninth Causes of Action were dismissed; 4) Plaintiff was granted leave to amend his Complaint to allege an age discrimination claim under the ADEA or PHRA within 30 (thirty) days; 5) Plaintiff was directed to effect service of his amended Complaint within 30 (thirty) days on Defendant if he chose to amend; 6) Defendants Essig and Snyder were Dismissed from the case; and 7) All further proceedings were recommitted to Magistrate Judge Blewitt. (Doc. 14).

On April 22, 2009, Plaintiff filed his Amended Complaint against Defendants Arthur J. Gallagher & Co. and Gallagher Basset Services. (Doc. 15). Plaintiff's Amended Complaint consisted of about 19 typed pages and sixty one paragraphs.

On April 22, 2009, a Return of Service was filed. (Doc. 16). On April 28, 2009, a Return of Service regarding Plaintiff's Amended Complaint was filed by Plaintiff. (Doc. 17).

Defendants jointly filed a Motion to Dismiss Plaintiff's Amended Complaint and to Strike, with attached exhibits, on May 11, 2009. (Doc. 18). Defendants argue that Plaintiff's Claim for Intentional Infliction of Emotional Distress ("IIED"), alleged in Count Four of his Amended Complaint, has already been dismissed by the District Court (Doc. 14) and that it is barred by the Statute of Limitations. Defendants also assert that Paragraphs 25 and 30 of Plaintiff's Amended Complaint (Doc. 15) should be stricken under Fed. R. Civ. P. 12(f) as impertinent, scandalous, and immaterial.

On May 21, 2009, Defendants filed a Brief in Support of their Motion to Dismiss and Strike. (Doc. 19). On May 22, 2009, Plaintiff filed an Answer to Defendant's Motion to Dismiss and Strike, with attached exhibits. (Doc. 20). On June 4, 2009, Plaintiff filed a Brief in Opposition to

Defendants' Motion to Dismiss and Strike. (Doc. 21).

Defendants' Motion to Dismiss is ripe for disposition. To date, there is not any record indicating that discovery has been conducted.

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331.

## II. Allegations of Amended Complaint.

Plaintiff's Amended Complaint contains counts of disparate impact on the basis of age, retaliation, constructive discharge, and the intentional infliction of emotional distress. (Doc. 15). Counts 1-3 are deemed to be Plaintiff's federal claims under the ADEA, 29 U.S.C.A. § 621 et seq.. Count 4 is a state law IIED claim.

Plaintiff alleges that he commenced his employment with Defendants as a Senior Claims Representative at Defendant GBS's Mechanicsburg office on September 13, 2004, and that on or about March 31, 2005, he was "promoted to Claims Supervisor of the 'Everest Program'" by the Defendants.

Plaintiff avers that on May 1, 2006, despite his "history and record of regular salary increases and positive reviews," Defendants "demoted" him by changing his job duties without cause, decreasing his level of responsibility and authority, and reducing in his pay. Plaintiff alleges this "adverse employment action, " based on his age, constructively discharged him from his employment.

## III. Discussion.

1. *Plaintiff's Claim for Intentional Infliction of Emotional Distress*

In the Fourth Count of his Amended Complaint, Plaintiff reasserts his state law claim for IIED,

claiming that Defendants engaged in "extreme, outrageous, and unprivileged conduct against the Plaintiff with the intent to cause the Plaintiff severe emotional distress." (Doc. 15, page 18).

Defendants argue that Plaintiff's IIED claim contained in his Amended Complaint should be dismissed because the Court already dismissed this claim, which Plaintiff previously included in Count Five in his original Complaint. (Doc. 1). Indeed, in our previous Report and Recommendation, we recommended dismissing Plaintiff's claim for IIED because it was barred by the statute of limitations. (Doc. 12). The Court agreed. Accordingly, Plaintiff's claim was dismissed. (Doc. 14). Further, the District Court did not grant Plaintiff leave to amend his Complaint with respect to his IIED claim.

In our Report and Recommendation (Doc. 12, page 16), we cited *Stauffer v. Bell Atlantic*, 2002 WL 32349886, *5, fn. 4 (E.D. Pa.), which stated, "The statute of limitations ["SOL"] for the tort of intentional infliction of emotional distress is two years." *Fala v. Perrier Group of Am.*, 2000 WL 688175 at * 14 (E.D. Pa. May 25,2000); See also 42 Pa.C.S.A. § 5524(7) (two-year statute of limitations for all non-specific tortuous acts).

We stated that Plaintiff's common law claim of intentional infliction of emotional distress accrued on May 1, 2006, when Plaintiff alleged he was constructively discharged from his position, and that Plaintiff's SOL commenced to run with respect to his stated common law claims on this date. Notably, Plaintiff himself conceded that "the violations, which Plaintiff believes, are actionable, were committed by the Defendant's (sic), and discovered in (sic) May 1, 2006." (Doc. 7, p. 2).

We also recommended that the SOL with respect to Plaintiff's state law IIED claim should

-5-

not be tolled and again cited to the *Stauffer* case, 2002 WL 32349886, *5, n. 4, which noted:

> "Further, the applicable statutes of limitations for Plaintiff's state law claims should not be equitably tolled. There are three principal situations in which equitable tolling may be applied: (1) where defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Shiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)."

*Id.*, * 5.

We pointed out that Plaintiff did "not offer any explanation or factual support for his contention that the applicable SOL's with respect to his common law claims raised in his Fourth through Ninth Causes of Action in his original Complaint should be equitably tolled. (Doc. 12, page 18). We again cited to *Stauffer*, in which the Court stated, "[i]n order to equitably toll the limitations period under the discovery rule, 'the Complaint must set forth the time and circumstances of the discovery, the reasons why discovery was not made earlier, and the diligent efforts which Plaintiff undertook or seeking such discovery.'" *Id.* (citation omitted). We also noted that in *Matthews v. Hermann*, 2008 WL 1914781, * 19, n. 20 (E.D. Pa.), the Court indicated that a claim for IIED was not eligible for equitable tolling.

Plaintiff now argues that statute of limitations should be tolled because he was "barred in bringing a cause of action for IIED as the right to commence such action was prohibited until such time as the Plaintiff received his Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission on April 16, 2008." (Doc. 21, page 7-8). However, Plaintiff was not barred from filing an IIED claim since he did not have to wait to exhaust this claim with the EEOC.

Further, Plaintiff has admitted that Defendants' conduct regarding his IIED claim was discovered on May 1, 2006. Thus, we find that the SOL should not be tolled regarding Plaintiff's IIED claim.

Moreover, Plaintiff argues that even though his state law claim for IIED was previously dismissed by the District Court (Doc. 14), "Judge Kane makes no reference in her Order that a Federal Claim for IIED was prohibited." (Doc. 21). Plaintiff further asserts that, "... Federal Courts have allowed claims for intentional infliction of emotional distress to survive when the employer engaged in 'retaliatory behavior against an employee.'" (Doc. 21). However, Plaintiff's argument is without merit because a claim for IIED arises under state law and there is not a "Federal law claim for IIED." See *Slater v. Susquehanna County*, 613 F.Supp. 2d 653 (M.D. Pa. 2009), where the Court noted that Plaintiff's claim for IIED raised a state law claim.

Consequently, we agree with Defendants that Plaintiff's IIED claim was already dismissed by the Court because it was time-barred, and we recommend that Plaintiff's claim for IIED contained in Count Four of his Amended Complaint be dismissed again for the same reason.

> 2. *Defendant's Motion to Strike Paragraphs 25 and 30 of the Amended Complaint as Impertinent, Scandalous, and Immaterial, in accordance with Fed. R. Civ. P. 12(f).*

Defendants move to have paragraphs 25 and 30 stricken from Plaintiff's Amended Complaint (Doc. 15) as "immaterial, impertinent, and scandalous." (Doc. 19). These paragraphs state as follows:

> 25. At all relevant times herein mentioned the Plaintiff physically observed Martin Essig and supervisor Nancy Campbell destroying the original hard copy of the claim file and the contents, making copies and adding new material to the claim file. Plaintiff told Martin Essig that it was a violation of Insurance Codes to destroy an original claim file and

> that Everest would be unhappy if Everest found out about their actions. Martin Essig said to the Plaintiff "you didn't see anything".
>
> 30. At all relevant times and material hereto, during the course of Plaintiff's employment with the Defendant's the Plaintiff witnessed his supervisor Martin Essig an employee of the Defendant's allow other supervisors, direct reports and clerical persons engage in unethical and illegal business practices; 1) knowingly violating multiple jurisdiction un-fair claim practice Acts and 2) changing Pennsylvania insurance policies by changing and issuing endorsements without a licence to do so, which is prohibited by Pennsylvania's Act 147 - The Producer Licensing Modernization Act. Plaintiff asked his supervisor Martin Essig if the Defendant's were aware that changing material relevant to insurance policies required a Pennsylvania license. Defendant's employee Martin Essig said that he had discussed the changing of insurance policies with his superiors at "Home Office (the Defendant's) who said that a Pennsylvania License was not required and if the State Insurance Department found out about it, they could just stand in line" and that Plaintiff likes his job then "he should just keep his mouth shut."

(Doc. 15, pages 7, 9-10).

In *Donnelly v. Commonwealth Financial Systems, Inc.*, 2008 WL 762085, *4 (M.D. Pa.), this Court stated:

> Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." Krisa v. Equitable Life Assur. Soc., 109 F.Supp.2d 316, 319 (M.D.Pa.2000) (Vanaskie, J.), quoting, North Penn Transfer, Inc. v. Victaulic Comp. of America, 859 F.Supp. 154, 158 (E.D.Pa.1994). However, motions to strike are disfavored and should "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Id.; Hanselman v. Olsen, 2006 U.S. Dist. LEXIS 1715, 1718, 2006 WL 47655 (M.D.Pa.2006) (McClure, J.). A motion to strike for "immateriality or impertinence should not be granted if part of the challenged material is so connected with the subject matter of the suit that it might be deemed to present a question of law or fact that the court ought to hear." River Road Dev. Corp. v. Carlson Corp.-Northeast. 1990 U.S. Dist. LEXIS 6201, 6221-22, 1990 WL 6092 (E.D.Pa.1990), citing, 5A Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 826 ("C. Wright & A. Miller"). Courts have required that the moving party demonstrate prejudice before the court will strike a pleading. See United States v. Viola, 2003 U.S. Dist. LEXIS 11692, 11699, 2003 WL 21545108 (E.D.Pa.2003). Striking a pleading is a drastic remedy and should be sparingly used by the courts. Krisa, 109 F.Supp.2d at 319; North Penn Transfer, Inc., 359 F.Supp. at 158.

This Court in *Donnelly* continued:

"Immaterial matter is that which has no essential or important relationship to the claim for relief."Delaware Health Care. Inc. v. MCD Holding Co., 893 F.Supp. 1279, 1291-92 (D.Del.1995), citing 5A C. Wright & A. Miller § 1382, at 706-07. "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.; Cech v. Crescent Hills Coal Co., 2002 U.S. Dist. LEXIS 15731, 15747, 2002 WL 31002883 (W.D.Pa.2002). There is considerable overlap between the concepts of "immaterial" and "impertinent" statements under Rule 12(f). River Road Dev. Corp., 1990 U.S. Dist. LEXIS at 6221, 1990 WL 6092. " 'Scandalous matter' has been defined as 'that which improperly casts a derogatory light on someone, most typically on a party to the action." ' Carone v. Whalen, 121 F.R.D. 231, 233 (M.D.Pa.1988) (Conaboy, J.); 5 C. Wright & A. Miller § 1382, at 826. "Scandalous pleading" must " 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.' " Carone, 121 F.R.D. at 233, citing Skadegaard v. Farrell, 578 F.Supp. 1209, 1221 (D.N.J.1984).

Id.

In light of the standard articulated in *Donnelly*, we disagree with Defendants' argument that Paragraphs 25 and 30 are immaterial, impertinent, and/or scandalous as prohibited by Fed. R. Civ. P. 12(f). Specifically, we reject Defendants' assertion that said paragraphs are immaterial or impertinent, as they may present a question of law and/or fact which directly relates to Plaintiff's claim of age discrimination and retaliation. Furthermore, we do not find that said paragraphs are so "scandalous" as alleged by Defendants that they reflect cruelly upon Defendants' moral character or detract from the dignity of the Court. Thus, we will recommend

-9-

that Defendants' request to strike Paragraphs 25 and 30 of Plaintiff's Amended Complaint be denied.

## IV. Recommendation.

Based on the above, it is respectfully recommended that the Defendants' Motion to Dismiss and Strike be granted in part and denied in part. (Doc. 18)  First, it is recommended that Defendants' Motion to Dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress asserted in his Amended Complaint (Doc. 15, Count Four) be granted because Plaintiff's claim this claim is time-barred.  Second, it is recommended that Defendants' Motion to Strike be denied, as Plaintiff's allegations contained in Paragraphs 25 and 30 of his Amended Complaint are neither immaterial, impertinent, or scandalous.

Finally, it is recommended that this case be recommitted to the undersigned for further proceedings regarding Plaintiff's remaining ADEA claims raised against Defendants AGC and GBS alleged in his Amended Complaint.[3]

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 2, 2009

---

[3] After the District Court decided Defendant's Doc. 18 Motion, we will direct Defendants to file their Answer to the remaining claims raised in Plaintiff's Amended Complaint.

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHUCK E. WITMER, SR., | CIVIL ACTION NO. **1:08-CV-1329** |
| Plaintiff | |
| | (Chief Judge Kane) |
| v. | |
| | (Magistrate Judge Blewitt) |
| ARTHUR J. GALLAGHER & CO., et al., | |
| Defendants | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 2, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

/s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 3, 2009